[No. 10,261.]

## THE PEOPLE *v.* SHAINWOLD.

ORDER OF INTRODUCING EVIDENCE.—The mere order in which the evidence is to be introduced rests in the discretion of the court trying the cause.

EVIDENCE ON TRIAL FOR ARSON.—On a trial for arson, the prosecution may prove that the prisoner had attempted to set fire to the house on a day previous to the burning alleged in the indictment, for the purpose of showing the intent of the prisoner in subsequently setting fire to the house.

VARIANCE BETWEEN PROOFS AND INDICTMENT.—If, in an indictment for arson, the building burned is described as the property of Pearce and Bensley, and as having been formerly occupied by Vanarsdale & Co., and the proof is that Vanarsdale & Co. did occupy it, but fails to show that Pearce and Bensley owned it, there is no material variance between the indictment and the proof as to the identity of the property.

NEW TRIAL AND BILL OF EXCEPTIONS IN CRIMINAL CASE.—The fact that the sheriff, in the absence of the judge, adjourned the court at ten A.M., instead of waiting till twelve M., is not ground for a new trial in a criminal case, nor can it be incorporated into a bill of exceptions.

APPEAL from the County Court, County of Napa.

Indictment for Arson.   The indictment charged the prisoner with burning a building in Pope Valley, Napa County, the property of Pearce, Bensley, Benchly and Linforth, and the same building occupied and used by Vanarsdale & Co. in August and September, 1874, as a store.   The offense was alleged to have been committed May 24, 1875.   On the trial, it was proved that Vanarsdale & Co. did occupy it as a store at the time alleged, but that a receiver of the goods had been afterwards appointed by the District Court in the case of *Linforth* v. *Vanarsdale & Co.*, and the defendant was such receiver, and, as such, for more than two months before the burning, had possession of the store and goods. It did not appear that Pearce, Bensley, Benchly, & Linforth owned the building.   The defendant was convicted, and moved for a new trial, which was denied, and then appealed and brought up the case on a bill of exceptions.

The other facts are stated in the opinion.

*F. E. Johnston and John C. Hall,* for the Appellant.

*Jo Hamilton, Attorney-General,* for the People.

By the Court, Wallace, C. J.:

The prisoner was convicted of the crime of arson in the second degree, alleged in the indictment to have been committed by him the 4th day of May, 1875.

1.  If the evidence concerning the attempt of the prisoner, made on the 18th day of the same month, to fire the house, was admissible at all, it certainly was not error to introduce it before making proof of the *corpus delicti* alleged in the indictment, for the mere order in which the proofs are to be heard, rests in the discretion of the court trying the cause.

2.  Nor have we any doubt that it was competent for the prosecution to prove the attempt of the prisoner, previously made, to set fire to the building.   The evidence in that respect bore directly upon the intent of the prisoner in subsequently setting fire to the house—the offense for which the indictment proceeded.

It may be true, as claimed for the prisoner in argument, that upon proof of the fact of setting fire to the house on the 24th day of May, the law would have, thereupon, inferred a criminal intent, but this would only show that the introduction of distinct proof of the intent, while perhaps unnecessary, wrought no such injury to the prisoner at the trial, as to entitle him to a reversal of the judgment here.

3. Nor was there any material variance between the indictment and the proof as to the identity of the property which was the subject of the crime; it was alleged in the indictment, and proven at the trial, that it was a one-story wooden house, situated in Pope's Vally, in Napa County, and the same house which was used and occupied by J. A. Vanarsdale & Co. as a store during the months of July, August and September, 1874. Whether it was the property of Pearce and others, as alleged in the indictment, was, therefore, immaterial—their ownership, if proven, as alleged in the indictment, would only further identify the house burned—which had already been otherwise and sufficiently identified.

4. The only point remaining to be noticed concerns the alleged premature adjournment of the court by the sheriff, in the absence of the judge, on the 20th of December—the day appointed for pronouncing judgment. It is sufficient to say of this, that it is not made to appear in the record in such a manner as to require examination at our hands. The proceedings in criminal causes are prescribed and regulated by the provisions of the Penal Code (43 Cal. 146.) The fact, if it be such, that in the absence of the judge the sheriff adjourned the court at ten o'clock A.M., instead of waiting until 12 M., is not one of the grounds for a new trial (section 1281). Nor can it be properly incorporated in a bill of exceptions (sections 1170, 1171).

Judgment and order denying a new trial affirmed.

Neither Mr. Justice NILES nor Mr. Justice McKINSTRY expressed an opinion.