[No. 19323.   Department Two.—July 24, 1894.]

F. E BATES, RESPONDENT, v. VIRGINIA TOWER
ET AL., APPELLANTS.

ORDER OF EVIDENCE—DISCRETION.—The mere order in which evidence may be introduced is very much in the discretion of the court, and will not be interfered with by the appellate court, except in cases of abuse of discretion.

ID.—ADMISSION OF DECLARATION OF AGENT BEFORE PROOF OF AGENCY—HARMLESS RULING.—Notwithstanding the provision of section 1870 of the Code of Civil Procedure, which permits the acts and declarations of agents to be proved " after proof of agency," yet the admission of the declaration of an agent before proof of the agency, upon condition that the proof of agency is afterwards to be supplied, is not injury which is ground of reversal, if the proof of agency is thereafter supplied.

ID.—HUSBAND AND WIFE—ACTS AND DECLARATIONS OF HUSBAND—PROOF OF AUTHORITY.—The action of the court in admitting evidence of what a husband did and said while ostensibly transacting certain business for his wife, before proof of his authority to transact such business, upon the express condition that it should not be considered unless the authority of the husband should thereafter be proved, is not prejudicial error, where the husband's authority is afterwards satisfactorily proved.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Shaw & Holland*, for Appellants.

*Clarence L. Barber*, for Respondent.

VANCLIEF, C.—The defendants are husband and wife, and this action was brought against them to recover damages for a breach of an alleged written agreement, of which the following is a copy:

" *This agreement*, made and entered into this 27th day of September, 1888, by and between Virginia A. Tower and Frank E. Bates, both of the city and county of San Diego, State of California. WHEREAS, the said Virginia A. Tower agrees to deliver all the said personal stock and property sold by the said F. E. Bates to F. C. Tower on the 25th day of July, 1888, in consideration of a certain promissory note of $2,500 now in the possession of said F. E. Bates. The said stock and personal property to be delivered to the said F. E. Bates upon the surrender of the said promissory note. The said F. E. Bates agrees to deliver to the said Virginia A. Tower a certain promissory note for $2,500, made and executed by F. C. Tower, payable to the order of F. S. Jones, and indorsed by F. S. Jones, the same being in possession of and owned by the said F. E. Bates.

" Witness our hand this 27th day of September.

" VIRGINIA A. TOWER.<br>" F. E. BATES."

The court found the execution of the agreement and a breach thereof by the defendant, Virginia A. Tower, substantially as alleged, and gave judgment against her for damages in the sum of three thousand one hundred dollars, from which judgment and from an order denying her motion for a new trial she alone appeals.

The appellant contends that in several specified particulars the findings of fact by the court are not justified

by the evidence; but the sufficiency of the evidence in each of the other specified particulars depends upon its sufficiency to justify the finding that, in dealings leading up to the execution of the agreement above set out, Frank C. Tower was authorized to act as the agent of his wife, Virginia; and that this finding is amply justified is so obvious that it would be a waste of space and time to make a detailed statement of the direct and circumstantial evidence tending to prove it.

It is further insisted that the court erred in admitting evidence of what the husband did and said, while ostensibly transacting certain business for appellant, before proof of his authority to transact such business. When objected to on this ground, the court admitted the evidence *pro tempore,* and upon the express condition that it should not be considered unless the authority of the husband should thereafter be proved; and, as above stated, the husband's authority was afterwards satisfactorily proved.

The general rule is that the mere order in which evidence may be introduced is very much in the discretion of the court, and will not be interfered with by the appellate court, except in cases of abuse of such discretion. (*Crosett* v. *Whelan,* 44 Cal. 200; *People* v. *Shainwold,* 51 Cal. 468.) But appellant contends that subdivision 5 of section 1870 of the Code of Civil Procedure is an exception to this general rule, and permits the acts and declarations of agents to be proved only " *after* proof of agency." Conceding this to be as contended, though I have found no case in which the code has been so construed, yet it is clear that appellant was not injured by the alleged error.

I think the order and judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order and judgment appealed from should be affirmed.

McFARLAND, J., FITZGERALD, J., GAROUTTE, J.