DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[Crim. No. 348.  Department One.—May 28, 1898.]

THE PEOPLE, Respondent, v. LOUIS JAMES SEARCEY, Appellant.

CRIMINAL LAW—MURDER—CHALLENGE TO PANEL.—Upon the trial of a defendant accused of murder, the mere fact that some names of persons appeared upon the list of jurors that did not appear upon the last assessment-roll of the county is not of itself a sufficient departure from the demands of the law to justify the trial court in sustaining a challenge to the panel; nor is such challenge justified on the ground that a town of fifteen hundred inhabitants was not represented upon the list, where there is no showing that the township in which it was situated was not so represented.

ID.—EXCUSE OF JURORS FOR CAUSE—DISCRETION.—The court has very broad discretion in excusing part of the summoned jurors for cause; and the defendant cannot object to the venire on that ground, but must be satisfied, in that regard, if he is tried by twelve qualified, competent jurors.

ID.—NEW TRIAL—MISCONDUCT OF DISTRICT ATTORNEY—OPENING STATEMENT. A new trial may be granted for misconduct of the district attorney in his opening statement, where it is clear that he has in bad faith improperly attempted to influence the jury to the defendant's damage; but will not be granted where there is no such palpable wrong in his conduct as to justify the conclusion that he was actuated by bad faith in making the statement.

ID.—PROPOSED PROOF—ARREST OF DEFENDANT FOR DIFFERENT OFFENSE—EXCLUSION OF EVIDENCE.—An opening statement of the district attorney that he proposed to prove that the defendant was traveling in the same direction with the deceased at about the time and place of the homicide, and knew that officers of the law were approaching in the same di-

rection to arrest him for burglary, and that he was arrested one day later, about thirty miles distant from the place of the homicide, while traveling toward the arresting officers, for the purpose of showing the improbability of his conduct unless he had been guilty of the murder, does not disclose any bad faith amounting to misconduct on the part of the district attorney, it not being clearly evident that he was wrong as to the admissibility of the proposed evidence, though the trial court excluded the evidence bearing upon the defendant's commission of another offense.

1D.—CIRCUMSTANTIAL EVIDENCE—TRACKS IN SAND—COMPARISON BEFORE JURY.—Where a witness had testified that a few days subsequent to the homicide he visited the scene of the crime, and found peculiar tracks in the sand of a person leading therefrom, which he followed a distance of fifteen miles, and found that a pair of shoes in his possession, taken from the feet of the defendant, exactly fitted those tracks, and thereafter produced before the jury a box of sand containing impressions of shoe tracks, which he testified were made by him with the shoes of the defendant, and that the tracks so made were of an identical character with those found in the sand upon the desert, and that the sand in the box was of the same quality and of the same character of hardness and compactness, the introduction of such box of sand before the jury was not erroneous, but was admissible to show by comparison the character of the foot tracks upon the desert, and for the purpose of accurately describing to the jury the appearance of those tracks. It was an indirect but satisfactory and legal way of proving the material link in the chain of circumstances connecting the defendant with the murder.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Benjamin F. Bledsoe, Gordon Hall, and Henry M. Willis, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of the crime of murder, and by the judgment of the court the extreme penalty of the law has been ordered. Many assignments of error are relied upon by this appeal, and they are all of a somewhat technical character. We will specially notice the more important ones.

It is claimed that a challenge to the panel of jurors should have been allowed. The evidence taken upon the hearing of the challenge discloses a very lax performance of duty upon the part of the board of supervisors in selecting the list of trial jurors for the year. The sections of the code declaring what that duty is evidently either have not been closely studied by the board, or no real effort has been made to follow the law there laid down. It appears that the names of persons were placed upon the list which do not appear upon the last assessment-roll. That all names upon the list should appear upon the assessment-roll of the preceding year is an important requirement in the eyes of the law. But the mere fact that some names of persons appeared upon the list that did not appear upon the last assessment-roll of the county, of itself is not a sufficient departure from the demands of the law to authorize the trial court in sustaining a challenge to the panel. It further appears that not a single name is found upon the list from Colton, a town possessing fifteen hundred inhabitants. The law says (Code Civ. Proc., sec. 206) that this list should be composed of names of persons selected from the wards and townships of the county in proportion to the inhabitants thereof, as near as may be estimated by the board of supervisors. It would seem that by compliance with this provision of the law the names of some persons from Colton would be likely to appear upon this list. But, however this may be, the evidence discloses that the township in which the town of Colton is situated embraces additional territory; and it is not plain but that some names upon the list were those of persons living outside of Colton, and yet within the township. If appellant's contention upon this point be good in law, it was his duty to have shown by some pertinent evidence that the township of Colton was not represented upon the jury list. When he established the fact that Colton was not so represented, such evidence was not sufficient to prove the material issue. The further fact that the judge excused certain of the venire for cause is not a matter for complaint upon the part of the defendant. As to such matters the court's discretion is of the broadest. Defendant in this regard must be satisfied if he is tried by twelve qualified, competent jurors.

In this case it appears that a man was murdered upon the

railroad track upon the Mojave desert, while traveling westward. The district attorney, in his opening statement to the jury, prior to the introduction of any evidence, stated that he proposed to prove that the defendant was likewise traveling westward upon this track at about the same time and place; and also at that time officers of Arizona with his knowledge were looking for him, with a view to arrest him upon a charge of burglary committed in that territory. The case is one of purely circumstantial evidence. As suggested, the defendant was near the scene of the murder, traveling westward. Twenty-four hours later he was arrested thirty miles east of that point, traveling eastward. The district attorney by his opening statement proposed to prove these facts for the purpose of showing the improbability of defendant's conduct in traveling toward the arresting officers, unless great reason existed for such action upon his part, and this reason it was claimed was found in the fact of the murder. Evidence to this effect was offered before the jury, and under objection was denied admission by the court. Notwithstanding this ruling, it is still insisted by appellant that the statement of the district attorney, as bearing upon the defendant's commission of another offense, constituted prejudicial error.

There is no question but that under certain conditions the prosecution are entitled in law to prove against a defendant an offense other than the one upon which he is being tried. Our state reports contain many such cases. But whether or not this case is such an one is not a question necessary for decision, for, as already suggested, the court rejected all evidence looking in that direction. Again, we have been cited to no case where a new trial has been ordered by reason of the character of the opening statement of the prosecuting officer. But, though precedent is lacking to the point, we are prepared to say that such misconduct on the part of the prosecuting officer might be found in the character of his opening statement to the jury as to recommend, or even absolutely demand in the interests of justice, a second trial of the defendant. The principle justifying such a course is well outlined in *People v. Wells*, 100 Cal. 459. There a new trial was ordered by reason of the action of the district attorney in merely asking certain questions of various witnesses, the answers to such questions not being admitted by the court.

The conclusion of the court was there declared because it was evident from the record that the attorney in asking those questions was acting in bad faith and attempting by this course to improperly influence the jury to the defendant's damage. That case is an exceptional one in its facts, but not in its law, and the decision is eminently sound. If such misconduct existed here the same results would follow; but it is not at all apparent that the district attorney was acting in bad faith in making the statements to which objection is made. It is not even clearly apparent that his position as to the admissibility of such evidence was wrong in law. As a circumstance tending to show the guilt of the defendant upon the charge of murder, the facts evidencing his conduct in this regard bear with some force. There is certainly no such palpable wrong in his conduct as to justify the conclusion that he was actuated by bad faith in making the statements here under consideration.

Witness Arbois testified that a few days subsequent to the homicide he visited the scene of the crime and found tracks of a person leading therefrom. He followed those tracks in the sand a distance of fifteen miles. At that time he had a pair of shoes in his possession taken from the feet of defendant after his arrest. He compared the tracks in the sand, which were in some respects peculiar, with tracks made by these shoes, and found them the same. He also minutely detailed the appearance of these tracks in the sand. Thereafter he brought before the jury a box of sand which contained impressions of shoe tracks, and then testified he made these tracks with defendant's shoes, and that the tracks so made were identical with those he found in the sand upon the desert. The introduction in evidence of this box of sand with the shoe impressions therein is claimed to constitute error, and many reasons are now urged to support this claim. Counsel cite various cases which refer to the danger in allowing experiments to be made before the jury, and also insist that the conditions which surrounded these tracks when made in the box of sand were not shown to be similar to those upon the desert when the tracks were there made; but we see nothing of material moment in these positions. This evidence hardly partook of the character of an experiment made before the jury. Nothing was done before the eyes of the jury looking toward the making of an

experiment. The shape and dimensions of certain tracks were placed before that body, made by the use of a box of sand. Any other impressionable substance as well might have been used. These tracks in the box were declared by the witness to be identical with those found upon the desert. Under such circumstances, this evidence served the purpose of accurately describing to the jury the appearance of the tracks upon the desert. It was an indirect but entirely satisfactory and legal way of proving that very material link in the chain of circumstances connecting the defendant with the murder.

It being clear that the evidence was admissible for the purpose of showing by comparison the character of the foot tracks upon the desert, no violation of law occurred upon the ruling of the court. Indeed, we find in the record no objection made by counsel to the admission of the evidence, other than the very general one that "we object to the witness testifying that he made footprints representing the form and shape of those." Was this evidence competent as directly tending to prove that defendant's shoes made the tracks in the desert sand? If defendant's shoes made the tracks in the sand in the box, and those tracks were identical with the tracks found in the sand in the desert, then the evidence would seem important upon that issue. There is but one possible objection that could be made to its admission for the purpose of establishing that fact. That objection would be a specific one based upon a dissimilarity of conditions under which the tracks in the box and those upon the desert were made. To have any weight looking toward the establishment of this important fact, the tracks in both cases must have been made under substantially the same conditions, and, as already suggested, we find no objection in the record sufficiently specific to raise that question upon this appeal. Yet aside from that consideration, upon a careful examination of the testimony, we conclude the conditions were so substantially alike in the two cases as to justify the admission of the evidence. No testimony was offered bearing upon these conditions other than that of the witness Arbois, and he declares that the sand in the two cases was of the same quality and of the same character of hardness and compactness.

We have examined the remaining assignments of error and

find no substantial merit in them. While the evidence of defendant's guilt is found in a chain of circumstances alone, still, upon a perusal of that evidence as set out in full by the record, we are satisfied the jury was entirely justified in declaring the verdict rendered in the case.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.