[Crim. No. 87.   Second Appellate District.—June 19, 1908.]

# THE PEOPLE, Respondent, v. CRYSTOBELLE MORLEY and HENRY SANDERSON, Appellants.

CRIMINAL LAW—BURNING INSURED PROPERTY—ARSON.—Where the specific acts pleaded in an information show the offense of willfully and maliciously burning the insured property of the defendant, with the intent to defraud, prejudice and damage an insurance company, under section 548 of the Penal Code, the further designation of the offense as ''arson'' is immaterial.

ID.—LEGALITY OF COMMITMENT—WAIVER OF OBJECTION.—Where no motion was made to set aside the information upon the ground that the defendant had not been legally committed by a magistrate, objection on that ground is waived under section 996 of the Penal Code, and cannot be considered upon appeal.

ID.—INFORMALITY OF VERDICT—CONSTRUCTION—DUTY OF COURT.—Although the verdict is to some extent informal, it is the duty of the trial court to construe it so as to give it the effect intended by the jury, if the intended effect can be ascertained from its language considered in connection with the pleadings and the evidence.

ID.—BURNING INSURED PROPERTY—INVALIDITY OF POLICY NO DEFENSE. The crime of maliciously burning insured property with intent to collect on an insurance policy is complete, although the policy may be invalid, if the defendant believed it to be valid, and committed the act with the intent to defraud.

ID.—PROOF OF EXISTENCE OF INSURANCE COMPANY—DE FACTO CORPORATION.—It need only be shown that the insurance company intended to be defrauded was a *de facto* corporation, and acting as an insurance company. The statement in the insurance policy held by the defendant that the insurance company was incorporated on a certain date, and the evidence of a witness that he was in the employment of the corporation, constitute sufficient evidence that it is a *de facto* corporation.

ID.—PROOF OF CORPUS DELICTI—CONFESSIONS.—*Held*, that there was sufficient proof of the *corpus delicti* to warrant evidence of a confession made by one of the defendants.

ID.—CONFESSION PROVED BY ACCOMPLICE—CORROBORATIVE EVIDENCE— SUPPORT OF VERDICT.—*Held*, that evidence given by one of the defendants, as accomplice, of a confession made by the other defendant, is sufficiently corroborated by independent evidence tending to show the guilt of the codefendant making the confession, and that the whole evidence is sufficient to support the verdict of guilty against him.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.  B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Earl Rogers, Paul W. Schenck, W. H. Dehm, and A. C. Hurt, for Appellants.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Appeal by defendants from a conviction and an order denying a new trial.

The information filed charged the defendants jointly "of the crime of arson committed as follows": That said parties (naming them) "on the 3d day of August, 1907, at and in the county of Los Angeles, state of California, did willfully, unlawfully and feloniously and maliciously burn, injure, and destroy certain property, to wit: certain household furniture and other personal effects then and there in house (premises described), which was then and there the property of Henry Sanderson, and was then and there insured against loss and damage by fire by the Royal Insurance Company of Liverpool, a corporation, with intent, then and thereby to defraud, prejudice and damage the said Royal Insurance Company of Liverpool, a corporation; contrary," etc.

A demurrer to the information was overruled.  A joint trial followed which resulted in a verdict as follows: "We, the jury in the above-entitled action, find the defendants guilty of willfully and maliciously burning the personal property named in the information with intent to defraud the insurance company as charged in the information."

Defendants moved in arrest of judgment, and for an order to have a judgment of acquittal entered, both of which were denied, as was a motion for a new trial.

Appellants contend that the information is defective, in that the defendants are charged with arson, while the particular facts as set out charged a crime amounting to an offense under section 548 of the Penal Code.  The precise question involved in this criticism of the information has been

determined by our supreme court in *People* v. *Eppinger,* 105 Cal. 38, [38 Pac. 538], wherein it is held that when the specific acts constituting the offense with which defendants are charged are set forth in the information with sufficient clearness to show that the transaction is under a particular section of the Penal Code, the designation in the information of the offense by some other name is immaterial; and it is unnecessary here to consider whether or not the defendants have been legally committed by a magistrate, as a prerequisite to the filing of the information, for no motion to set aside the information upon that ground was made, and the same, under section 996 of the Penal Code, was therefore waived.

The appellants further contend that the court erred in denying the motion for acquittal and in arrest of judgment. These motions were based upon the claim that the verdict was insufficient to warrant the court in pronouncing judgment. It is true that the verdict is, to a degree, informal. There is no express finding that the property destroyed was, in fact, insured. But the verdict should be construed in connection with the pleadings and the information (*People* v. *Tilley,* 135 Cal. 62, [67 Pac. 42]) ; and construed so as to give effect to the manifest intention of the jury. (*People* v. *Holmes,* 118 Cal. 448, [50 Pac. 675].) The information charged that the property so burned was insured by a designated corporation. The jury by the verdict finds that the property named in the information was by defendants willfully and maliciously burned with intent to defraud the insurance company, *as charged in the information.* The fraud upon the company as charged in the information was the burning of insured property. The verdict, when read in connection with the information, is certain in the intent to find that the property burned was insured. (*People* v. *Millan,* 106 Cal. 323, [39 Pac. 605].) It is insisted by appellants that this inference is not warranted by the proof adduced upon the trial. That the property insured belonged to defendant Sanderson is not questioned. The insufficiency of the evidence to show that it was actually insured is urged upon the ground only that parol proof of the existence of the corporation was all the evidence presented. Proof that it was a *de facto* corporation and acting as an insurance company is sufficient. (*People* v. *Hughes,* 29 Cal. 260; *People* v. *Ah Sam,* 41 Cal. 653; *Peo-*

*ple* v. *Goldsworthy,* 130 Cal. 602, [62 Pac. 1074].) The policy of insurance issued to and received by defendant Morley, which is in the record, and which appears never to have been by her transferred, stated upon its face that the insurance company was incorporated A. D. 1845, and a witness testified that he was in the employ of the Royal Insurance Company, a corporation. This was sufficient evidence to establish the *de facto* character of the insurance corporation.

If appellants by their contention that it was not shown that the burned property was insured against loss or damage by fire intend to urge that neither of the defendants could have recovered on the policy, the answer to this is that the belief of defendants that it was binding was clearly established and their intent to defraud fully proven. The crime may be complete, though the policy be invalid, if defendants believed it to be valid and committed the act with the intent to collect on the policy. The policy was not introduced in evidence to prove that accused held a binding policy, but to show the intent with which the house was burned. (*Mc-Donald* v. *People,* 47 Ill. 533.)

If the inability of the defendant to recover on the policy could be made an effective defense to a criminal prosecution, this would be available to every policy-holder who burns up his property to secure the amount of the policy of insurance thereon. The fact of setting fire to the insured property by the policy-holder invalidates all fire insurance policies, and would prevent a recovery in every case, if this were the rule. The policy-holder would then only have to prove the act which constitutes his guilt in order to escape punishment. In the case at bar, the successive steps of sale, demand of possession by Sanderson, burning of the property, and attempt to collect the insurance, all tend to establish the intent to realize by these acts.

The failure of defendant Morley to assign the policy and the inability of Sanderson to collect in his own name become immaterial. A valid policy was issued, and defendants believed it continued to be a valid obligation of the company when the goods were destroyed. The effect of the law or the terms of the policy to render the policy invalid by reason of the acts of the defendants cannot shield them from punishment for the crime.

The questions of what persons are prejudiced or what persons are benefited by the commission of a crime of this character are merely collateral ones. The guilt of the accused does not depend upon the legal obligations arising out of the policy. (*United States* v. *Amedy*, 11 Wheat. 409; *State* v. *Tucker*, 84 Mo. 25; *People* v. *Hughes*, 29 Cal. 260.) This is evidenced also by the language of section 548 itself. No element of advantage to the defendant is made a part of the offense, and the person who burns insured property with the intent to defraud is guilty whether the property or possession be his or that of another.

It was the duty of the trial court to construe the verdict so as to give it the effect intended by the jury, if the intended effect could be ascertained from its language considered in connection with the pleadings and evidence. (*Johnson* v. *Visher*, 96 Cal. 310, [31 Pac. 106].) The trial court construed the verdict as a general one, and we think such construction permissible.

Appellants contend, further, that the *corpus delicti* had not been proven before alleged confessions were received in evidence, and error is claimed on account thereof. There is in the record competent evidence, which was received before any admissions or confessions were introduced, which tended to show that the destruction of the property was the work of an incendiary, and facts and circumstances pointing to defendants' connection therewith. It is unnecessary to recite all of this testimony, but it is sufficient to call attention to the fact that a few minutes after the fire was discovered, which was about 1:30 A. M., a part of the furniture was found piled together in one room; that defendant Sanderson was seen running away from the fire; that he told a witness that no one was in the house; that this defendant two hours thereafter was found with serious burns on his person some miles from the scene of the fire, and when requested by an officer to give his name, refused to do so, made contradictory statements as to why he was in such a condition and in that locality at such an hour, resisted an officer who sought to accompany him in quest of a physician, and finally gave an assumed name when taken to the hospital. It further appears that the policy of insurance had been taken out only a few days before the fire; that one of the defendants, Mrs. Mor-

ley, who lived in the house, was found almost entirely dressed a few minutes after the fire; that certain personal effects of this defendant which had not been transferred by her to Sanderson were found in an outhouse; that both defendants made contradictory statements as to the origin of the fire. All of these, with other suspicious circumstances, tended to establish that a crime had been committed.

It is further insisted that, assuming the correctness of the ruling in admitting such confession, as to defendant Sanderson such confession by an accomplice was insufficient to warrant his conviction. It must be remembered that all of the admissions and statements made by Mrs. Morley, codefendant of Sanderson, in relation to the fire and her connection and that of Sanderson therewith, were made in Sanderson's presence. She there stated that Sanderson applied the match, and gave a detailed account of Sanderson's connection with the fire; Sanderson denied none of these statements made by Mrs. Morley, except to deny that he knew the property was insured and stated that the fire was caused by the explosion of a lamp. But assuming that Sanderson's explanation as to the origin of the fire is to be taken as a denial of all of Mrs. Morley's statements in his presence, still there is independent evidence sufficiently corroborative of the statements of Mrs. Morley to warrant the jury in returning a verdict of guilty.

The instructions refused, and on account of which refusal error is claimed, all relate to the charge of arson. Such instructions were inapplicable under the information, which specified another and distinct offense, and in reference to which all evidence was confined.

We perceive no error in the record prejudicial to defendants, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 17, 1908.