[Crim. No. 475.  Third Appellate District.—June 30, 1919.]

# THE PEOPLE, Respondent, v. B. C. PATTERSON, Appellant.

[1] CRIMINAL LAW — UTTERING AND DELIVERING CHECK WITHOUT FUNDS—PROOF OF CORPORATE CHARACTER OF BANK—WAIVER OF OBJECTIONS.—In a prosecution for uttering and delivering a bank check drawn on a banking corporation without sufficient funds in the bank to pay the same, if no objection is made to the admission of parol evidence to prove the corporate character of the bank, such objection may not be urged on appeal.

[2] ID.—CORPORATE CHARACTER — SUFFICIENCY OF PROOF.—In such cases it is sufficient to prove the *de facto* existence of the corporation, and its corporate character may also be proved by parol.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles L. Gilmore for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was charged by information with the crime of uttering and delivering a certain bank check for $15 to one George Carlton, it being alleged that the check was drawn November 11, 1918, upon the California National Bank of Sacramento, a banking corporation existing under the laws of the United States, and that at the time of the uttering of said check defendant had neither funds nor credit in said bank.

No attack is made upon the information, the instructions or any of the rulings of the court. The only contention is that the evidence is insufficient to support the verdict in two particulars, that is, as to the bank being a corporation, and that defendant had insufficient funds in the bank at or about the time the check was uttered and presented for payment. Appellant is, however, totally in error in this contention, as will be seen from the following quotation from the testimony of Charles S. King, the assistant cashier of

the California National Bank of Sacramento: "Q. The California National Bank of Sacramento is a corporation organized and existing under the laws of the United States? A. Yes, sir. Q. And it has its principal place of business in the city of Sacramento, state of California? A. Yes, sir." After stating how long he had been assistant cashier of said institution and that an account was opened with B. C. Patterson on October 16, 1918, with a deposit of $20 to his credit, and that the largest balance he had to his credit during November and December, 1918, was $3, he further testified that at no time during the said month of November did the defendant have any arrangements with the bank for credit.

But appellant contends that said evidence was incompetent, especially as to the incorporation of the bank, the claim being that the articles of incorporation should have been introduced. [1] As to this, it may be said in the first place that no objection was made to the introduction of the evidence and it is now too late to urge the point. [2] Again, in such cases it is sufficient to prove the *de facto* existence of the corporation, and its corporate character may also be proved by parol.

In *People* v. *Barric,* 49 Cal. 342, the defendant was convicted of stealing certain property of a corporation and the supreme court said: "The prosecution proved by the witness Rondel that the company known by the name given in the indictment was a corporation *de facto,* doing business as such. This was sufficient. (*People* v. *Frank,* 28 Cal. 507; *People* v. *Hughes,* 29 Cal. 257; *People* v. *Ah Sam,* 41 Cal. 645.)"

In the Ah Sam case it was held that proof of the bank being a corporation may be made by "general reputation," and by showing that the bank was known and acted as an incorporated company and as such issued bank bills. There are many cases to the same effect but we need cite no further. Indeed, there seems to be no merit in the appeal. The evidence is abundantly sufficient to support the verdict and the defendant had a fair and impartial trial.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.