[Crim. No. 1861. Second Appellate District, Division One.—December 5, 1929.]

THE PEOPLE, Respondent, v. BERNARD BALL, Appellant.

Irvin C. Taplin, Harry M. Hunt and Will R. King for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted on each of two counts in an information wherein he was charged with the commission of the crime of forgery and a prior conviction of a charge of forgery, a felony. He appeals from the judgment and an order denying his motion for a new trial. Other than as to the second count in the information, no serious effort is made by appellant to show that prejudicial error was committed by the trial court on the trial of the action.

■ Appellant's first contention is that the evidence adduced on the trial was insufficient to support the verdict. The evidence showed that the defendant Ball operated in company with his co-defendant Welch, who confessed his own guilt, but asserted the innocence of defendant Ball. That the check was a forgery and that it was actually passed by someone, if not·undisputed, is at least satisfactorily established by the evidence. ·The only question raised by appellant in that connection is whether the evidence sufficiently identified defendant Ball as the guilty person. The plan pursued by the defendant Welch, as well as by the individual who either accompanied him in his felonious work, or who operated on his own account in the transaction or transactions which were involved in the several charges against the defendant Welch and defendant Ball, was that the purchase of a pair of shoes was made by one of them and an indorsed check purporting to have been executed by Spencer & Morris and G. B. Morris in favor of one W. H. Johnson, for an amount approximating $35, was tendered in payment. In exchange for the check the purchaser obtained from the shoe merchant a pair of shoes and cash representing the difference between the price of the shoes and the face of the check. The evidence which tended to establish the identity of defendant as the passer of the check consisted of the following facts: The clerk in

the shoe store to whom the bogus check was tendered testified that Welch was *not* the man with whom he dealt on the occasion in question, but that defendant Ball "appears to be the same man that gave me the check, but I don't think I am sure; . . . not quite sure. . . . He has a slight resemblance to the man that gave me the check." A police officer, who qualified as a handwriting expert, testified that in his opinion defendant Ball "wrote the face of the check." Three days after the forgery was committed the two defendants were arrested in each other's company. At that time one of the defendants was carrying a pair of shoes either in his hand or under his arm, and on the person of defendant Ball was found approximately $134 in cash and another check identical in form with the check which is the subject matter of the second count of the information on which defendant Ball was convicted. With relation to the check found in the possession of defendant Ball, the arresting officer testified that at the time he took such check from defendant Ball, he (the officer) said to defendant Ball, "You didn't get this one passed yet, eh?" to which defendant Ball replied, "No, we didn't get that one passed." That such evidence, together with the inferences properly deducible therefrom, was sufficient to support the verdict, this court entertains no doubt. The fact that the defendant Welch testified that he alone was the guilty person was not conclusive. The ultimate question of the guilt of defendant Ball was to be determined by the jury from all the evidence in the case, and since the jury by its verdict, based upon sufficient evidence, has declared that Ball was guilty of the offense of which he was accused, in the absence of prejudicial error occurring on the trial of the action affecting the substantial rights of the defendant, this court is bound by the verdict. The contention by appellant that the verdict could be reached only by basing one inference upon another inference is without merit.

 Appellant complains that, although by the information he was charged with the commission of the crime of forgery with the intent to cheat and defraud a certain individual and each of two corporations therein specified, no evidence was offered on the trial which either proved or tended to prove the corporate existence of such alleged

corporations. However, it is not claimed that the evidence failed to show the existence of the named individual. That in such circumstances it became and was unnecessary to prove the corporate existence of either of the corporations named in the information is settled by the case of *People* v. *Frank*, 28 Cal. 507, 519, 520. See, also, *People* v. *Hughes*, 29 Cal. 257; *People* v. *Barric*, 49 Cal. 342; *People* v. *Ah Sam*, 41 Cal. 645, 652; *People* v. *Patterson*, 42 Cal. App. 37 [183 Pac. 209]; *People* v. *Nelson*, 90 Cal. App. 27, 35 [265 Pac. 366].

■ It is also urged that no intent on the part of defendant Ball was shown to cheat or defraud either of the persons whose names were forged by said defendant. In that regard, the substance of section 21 of the Penal Code is that the intent or intention with which an act is done or performed is manifested by the circumstances surrounding the commission of such act; and the effect of the provisions of subdivision 1 of section 1962 of the Code of Civil Procedure is that a conclusive presumption of a malicious and guilty intent follows from the deliberate commission of an unlawful act—from which it results that the point presented by appellant is not well taken.

■ Prejudicial error is predicated upon the action of the trial court in overruling the objection interposed by defendant Ball to a line of questions propounded by the People to a witness regarding the loss by such witness of certain blank checks which included the particular check which was the subject matter of the second count of the information in the action against said defendant. The evidence showed that the place of business of the witness and his partner had been burglarized and that certain blank checks of the partnership had been stolen. Other than that the defendants subsequently forged, uttered and passed several checks which were executed on some of the blanks which had been stolen, together with the fact that one of the stolen checks purportedly executed by the partnership in favor of the same individual as was the questioned check was found on the person of defendant Ball—no evidence was introduced which in any way tended to connect defendant Ball with the crime of burglary. It is plain that the evidence to which objection is made, although not essen-

tial, nevertheless was material to the issue of the particular forgery for which crime defendant Ball was on trial; and the mere fact that such evidence had a tendency to prove that defendant Ball was also guilty of some other criminal offense presents no sufficient reason for its exclusion. (8 Cal. Jur. 71, and cases there cited.)

█ Finally it is contended by appellant that he was substantially prejudiced in the course of the trial by a remark made by the judge of the trial court that "the check is a forgery and it was passed on a shoe store; the man received a pair of shoes and some money." At the time such remark was made evidence had been introduced relating to each of its several elements, to wit, that the check in question was a forgery; that it was "passed on a shoe store"; and that a man (not necessarily defendant Ball) "received a pair of shoes and some money." At no time during the course of the trial was any evidence introduced by either of the defendants which in any way contradicted either or any of such facts. Indeed, the defendant Welch, called as a witness in behalf of his co-defendant Ball, gave testimony directly in substantiation thereof. In addition thereto, the judge of the trial court expressly instructed the jury in substance that it was the sole judge of the facts in the case and that it should disregard the expression of any opinion by the judge with reference to such facts. █ Moreover, although not necessarily conclusive against the position now assumed by appellant herein, it appears that neither at the time the remark in question was made, nor at any time thereafter, was any objection made by either of the defendants thereto; nor in that connection was any assignment made of misconduct of the court; nor was any motion made by either of the defendants to strike the remark from the record, or that the jury be either specifically or generally instructed to disregard it. It thus is apparent that appellant has no just cause for complaint.

No prejudicial error appearing in the record herein, it is ordered that the judgment and the order denying the motion for a new trial be and they are affirmed.

Conrey, P. J., and York, J., concurred.