## THE STATE v. ARTHUR.

1. **Instruction:** HAVING NO BASIS IN THE EVIDENCE. An instruction in a criminal prosecution, which charged the jury with reference to the effect of an escape of the prisoner from custody, and his secretion from pursuit, when there was evidence only of an *attempt* to escape, and none of an escape or secretion, was held to be erroneous.

2. **Criminal law:** EFFECT OF ATTEMPT TO ESCAPE. An unexplained attempt to escape from legal custody, is a circumstance against a party accused of crime, but does not raise a *strong* presumption of his guilt; and an instruction that so charged, was held to be erroneous.

*Appeal from Fayette District Court.*

MONDAY, DECEMBER 16.

EVIDENCE: EFFECT OF ATTEMPTS TO ESCAPE OR EVADE JUSTICE.—The defendant was indicted for having counterfeit coin in his possession, knowing it to be false, and with intent to pass.

A former appeal was before this court at the December Term, 1866. See *State* v. *Arthur*, 21 Iowa, 322.

After the taking of that appeal, at a Term of the Fayette District Court, the defendant was tried, convicted and sentenced; and from this judgment he now prosecutes the present appeal.

*Wm. Mc Clintock* for the appellant.

*Henry O'Connor*, Attorney-General, for the State.

DILLON, J. — On the trial the court instructed the jury as follows: "If you find that the defendant, after he was arrested, escaped from custody and secreted himself from lawful pursuit, or that defendant attempted to escape, this raises a strong

presumption of his guilt." Defendant excepted and now assigns for error the giving of this instruction.

The objections made to it by the defendant's counsel are two-fold:

1. That the case supposed in the first branch of the instruction is not warranted by the evidence.

2. That an attempt to escape does not, in law, raise a *strong* presumption of guilt.

The only evidence in relation to the defendant's attempted escape was given by the witness Malone. He was asked the question: "Do you know where the defendant was during the October Term, 1863, of this court, and afterward?" To which he answered: "A part of the October Term he was here, and a part of the term I did not know where he was until the next summer some time. The first time I saw him was in the City hotel; we went to arrest the defendant, having understood he was there, and found him there, and succeeded in arresting him. The first thing I knew of his doing there, was trying to jump out of a window."

Other than this, we find no evidence given to the jury in relation to "an escape from custody" by the defendant, or in relation to his "secreting himself from lawful pursuit." And surely this evidence did not afford basis sufficient to justify the court in instructing the jury as to the effect of an accused person. *secreting* himself from lawful pursuit. It did not appear that the defendant concealed or was secreting himself at the City hotel. In this respect the instruction was therefore erroneous.

The most the evidence showed, was an attempt to escape. The court directed the jury that a mere attempt

2. CRIMINAL LAW: effect of attempt to escape. to escape raised in law a strong presumption of guilt. This is stating the rule too strongly against the defendant. An innocent person misjudging his proper course, may unwisely attempt to

avoid arrest or to escape from it. An innocent person, though conscious of his innocence, may fear the effect of an unfortunate combination of circumstances or of an unfounded popular prejudice, against him. Consciousness of guilt, and fear of deserved punishment, are not the only motives that will lead a person to attempt to escape. Accordingly, such attempts are not unfrequently made by the innocent as well as by the guilty.

That an unexplained attempt to escape, is a circumstance against a party accused of crime, is undoubtedly true, and as such, it may be proven to and considered by the jury. But, at most, it only raises a presumption — a presumption ordinarily inconclusive rather than strong, and one which is variable in force, dependent upon the circumstances surrounding the prisoner.

But to say to the jury that a mere attempt to avoid arrest or to escape from it, raises, as a matter of law, not simply a presumption, but a strong presumption of guilt, is giving to this circumstance a more decisive effect than in reason or law we believe it entitled to. The true course is to allow the fact of evading or attempting to evade justice, to be proved to the jury as a circumstance which *prima facie* is indicative of guilt.

But its weight is necessarily variable. Unless explained by independent testimony or by circumstances, such as high popular excitement against the prisoner, or the like, it is a fact to which the jury should give its just weight. And, taking that fact, with all the other testimony, the question with the jury will be, is the guilt of the defendant fully proved? Anciently, the common law attached undue significance to an attempt to evade arrest, or to escape from it. In our time, however, the law will not allow a party to be convicted even on his own confession, if it be uncorroborated.

So with regard to attempts to escape, we take in our day a more rational view than was fomerly the case.

"In modern times," says Mr. Best, treating of the subject in hand, " more correct views have prevailed, and the *evasion of justice* seems now nearly reduced to its true place in the administration of the criminal law, namely, that of a *circumstance ;* a fact, which it is always important to take into consideration, and combined with others may supply the most satisfactory evidence of guilt, but which, like any other piece of presumptive evidence, it is equally absurd and dangerous to invest with infallibility." Best on Ev. § 448, p. 529 (Eng. ed.).

In view of the circumstances and testimony, we are not prepared to say that the defendant was not prejudiced by the instruction under consideration.

For the error in giving it, the judgment must be reversed and a new trial ordered. The refusal of the court to change the venue at a term prior to the former appeal, and prior to the term when the trial was had, cannot be reversed on the present appeal. As to the defendant's objection that he should have been discharged on motion, we refer to the opinion given in the former appeal.

Reversed and remanded.