## THE STATE v. JAMES.

1. **Criminal Law**: ATTEMPT TO ESCAPE: INSTRUCTION. Whether or not one charged with an offense made an attempt to escape after its commission is a question for the jury, and where there is evidence tending to show that the attempt was made an instruction respecting its legal effect is proper.

*Appeal from Warren District Court.*

WEDNESDAY, MARCH 21.

THE defendant was indicted, tried and convicted, for an assault with intent to murder, and he appeals.

*McHenry & Bowen* and *W. H. Schooley,* for appellant.

*M. E. Cutts,* Attorney General, for the State.

ROTHROCK, J.—I. The evidence tends to show that a dispute arose between the defendant and one Colclazier, about the payment of a small sum of money. They were both in the village of Summerset. The defendant followed Colclazier about the village, and when the latter started to leave in his wagon the defendant threw his overcoat, valise, and a medcine box into the wagon, and attempted to get in. Colclazier started his team, forbid the defendant from getting into the wagon, and was about to strike him with

*1. CRIMINAL law: attempt to escape: instruction.*

a board. The defendant let go his hold upon the wagon and shot at Colclazier with a revolver. A number of persons witnessed the whole transaction. After the shooting the defendant returned to where some of the witnesses were and asked one of them for the use of his horse, but did not say for what purpose. Not getting the horse, the defendant immediately started to leave the place, in the same direction which Colclazier went. There is not entire harmony in the testimony of the witnesses as to how fast the defendant traveled. One witness states, " the defendant went faster than a walk, but did not seem to be running his best; he was out of a walk; you might say a run." He was followed by several persons, and upon being ordered to halt he surrendered himself.

The court instructed the jury *inter alia* as follows: " 2. If you find from the evidence that the defendant, immediately after the commission of the act complained of (if he committed it), fled, or attempted to escape, or avoid arrest, or evade justice, such fact is a circumstance which *prima facie* is indicative of guilt." It is insisted that this instruction is erroneous because there is no evidence tending to show that the defendant attempted to escape. We think otherwise. It is true, as it appears to us, the evidence of an attempt to escape is slight, but it was a question for the jury to determine from all the circumstances, including the attempt to borrow a horse, and the haste with which defendant was leaving the place of his encounter with Colclazier.

II. The principal part of the argument of counsel is in support of the proposition that the verdict is contrary to the evidence, because it is shown conclusively by the evidence that the defendant, when he fired the revolver, was too far distant from Colclazier to injure him. There is a conflict in the evidence upon this question. The witnesses who saw the transaction estimated the distance between the parties, when the shot was fired, and as is usually the case there is a difference between them. Certain measurements were taken, which it is insisted show conclusively that the distance was so great that there could have been no felonious intent in firing the revolver. But, after all, the witnesses might have been mistaken as to

the position of the parties with reference to the objects from which the measurements were made.

The jury might well have found, under the evidence, that the parties were not more than twenty-five or thirty yards from each other when the shot was fired; and tests afterward with the revolver show that it might produce fatal results at a distance even greater than thirty yards.

III. Other exceptions were taken which are presented for consideration. They consist principally in the refusal of the court to give certain instructions asked by the defendant. We have examined them in connection with the instructions given by the court on its own motion, and find no error in the refusal to give those asked. The instructions given by the court contain a clear and concise statement of the law as applicable to the facts of the case. Those asked by the defendant are either fairly included in those given, or are inapplicable to the evidence in the case. We need not particularize. The judgment of the court below will be

AFFIRMED.