STATE OF IOWA V. GEORGE WRAND AND THOMAS HAWLEY, Appellants.

**Burglary:** INDICTMENT. Though an indictment for burglary must set out the owner of the building entered, a mistake in the Christian name of such owner, and owner of the goods intended to be stolen, is immaterial, in the absence of predjudice to the accused.

*Escape.* An attempt of accused, under indictment, to escape, is a circumstance proper to be shown and considered by the jury, though it tends to prove a distinct offense.

*Finding stolen goods.* Property stolen at the same time and place is properly received in evidence against one accused of stealing other property, where it was found on the person of one jointly indicted with accused; they being seen together before and after the burglary.

**Minutes on Indictment: SUFFICIENCY.** The grand jury's minutes of the evidence of a witness before the committing magistrate stated that, on or about \pril l3th, P , marshal of R., apprehended defendants with four others, in the stock yards in R., that defendant L. was first arrested, and on his person was found a piece of black veiling and a portion of a bolt of dress goods, which were identified by M. as part of the stolen property; that defendants H. and B sold W. a coat and vest, which were identified as part of the stolen property, on the same day. *H ld*, that under Code, section 5272, requiring a "brief minute of the substance of the evidence" to accompany the indictment, this was sufficient, in connection with the names of the states' witnesses indorsed on the indictment, to apprise accused of the witnesses the state would call, and the matters relating to which they would testify.

**EVIDENCE:** *Minutes no limitation.* The state is not confined to the minutes in examining the witnesses.

*Appeal from Tama District Court.*—HON. OBED CASWELL, Judge.

FRIDAY, APRIL 7, 1899.

THE defendants appeal from judgment convicting them of burglary, and sentencing each to a term of five years in the penitentiary.—*Affirmed.*

*Tom. H. Milner* for appellants.

No argument for the state.

LADD, J.—In the indictment, ownership of the building entered, and of the goods intended to be stolen, is laid in James A. Morrow. The proof showed that these belonged to, and were in possession of, John A. Morrow. Was this a fatal variance? As it was not necessary to allege or prove who owned the goods, *State v. Jennings,* 79 Iowa, 514, a mistake in pointing out the true owner thereof will be disregarded (Code section 5290); *State v. Ean,* 90 Iowa, 534; *State v. Ormiston,* 66 Iowa, 143; *State v. Ansaleme,* 15\ Iowa, 44; *State v. Schilling,* 14 Iowa, 455). The owner of the building must be averred in an indictment for burglary. *State v. Morrisey,* 22 Iowa, 158. But this court has uniformly held, under section 5286

of the Code, that, in the absence of any prejudice, an erroneous allegation of the name of the party injured is immaterial. The following cases are precisely in point. *State v. Carr*, 43 Iowa, 420; *State v. Crawford*, 66 Iowa, 318; *State v. Porter*, 97 Iowa, 450. The store of John A. Morrow, at Garwin, was broken and entered at the time alleged, and some of the goods then taken therefrom were found in the possession of the defendants. With several others, they were in town the day before—pedestrians wandering about without visible calling. No prejudice whatever resulted from the mistake in the Christian name of the owner.

II. The grand jury based the indictment entirely on minutes returned by the committing magistrate, and, as required by section 5272 of the Code, "a brief minute of the substance of the evidence" was written by its clerk, and returned with it. This, in narrative form, concisely stated the facts. Objection was made to each witness on the ground that minutes of his testimony were not attached to the indictment. As an illustration, we set out that portion concerning Powderly and Watson: "That on or about the 13th day of April, C. C. Powderly, marshal of Reinbeck, Iowa, apprehended the defendants, together with four other men, in the stock yards at Reinbeck. The defendant Lorraine was the first one arrested, and upon his person was found a piece of black veiling and a portion of a bolt of dress goods, which were identified by Mr. Morrow as part of the stolen property, and were introduced in evidence, and marked Exhibits A and B. On or about the same day the defendants Wrand and Howley sold to George E. Watson, of Reinbeck, Iowa, a coat and vest, which were identified as being a portion of the stolen property, and were introduced in evidence, and marked Exhibit C." Very evidently, these facts were extracted from the minutes of the justice, and were testified to by these witnesses. Not the substance of the evidence, but a brief minute thereof, is required; and we think that the defendants were not only advised by this min-

ute, in connection with the names indorsed on the indictment, of the names of the witnesses the state would call, but of the matters relating to which they would speak. The mere brevity of the evidence furnishes no reason for its exclusion. *State v. Van Vleet*, 23 Iowa, 27; *State v. Bowers*, 17 Iowa, 48. Nor was the state confined to such minutes in examining the witnesses. *State v. McCoy*, 20 Iowa, 262; *State v. Ostrander*, 18 Iowa, 435.

III. The sheriff detected the defendants, while in jail, attempting to escape by sawing the iron bars of their cell. They insist the evidence of this was inadmissible, because tending to prove a distinct offense. True, the commission of another crime may not be proven for the sole purpose of showing that the defendant would be the more likely to have committed that charged. *State v. Rainsbarger,* 71 Iowa, 746. See *State v. Brady,* 100 Iowa, 191. But if the evidence is material and relevant to the issue, the mere fact that it tends to establish guilt of a crime other than the one alleged furnishes no ground for its rejection. *People v. Place,* 157 N. Y. App. 584 (52 N. E. Rep. 576). That an attempt to escape is a circumstance proper to be shown and considered by the jury, is put beyond controversy by the authorities. *State v. James,* 45 Iowa, 412; *State v. Arthur,* 23 Iowa, 430; *State v. Ruby,* 61 Iowa, 86; *State v. Stevens,* 67 Iowa, 558.

IV. The black veiling and a piece of dry goods found on Lorraine, jointly indicted with defendants, were properly received in evidence. These were identified as taken from the store at the same time as the coat and vest defendants had sold. All were seen together before and after the burglary.—AFFIRMED.