[Crim. No. 115.   Third Appellate District.—April 27, 1910.]

## THE PEOPLE, Respondent, v. DANIEL CROWLEY and FRANK WILSON, Appellants.

CRIMINAL LAW—ROBBERY—PRELIMINARY EXAMINATION—RIGHT OF ACCUSED TO COUNSEL—SUFFICIENT INSTRUCTION.—Where defendants charged with robbery were, upon their preliminary examination, informed, as soon as the complaint was read, that each of them had the right to a preliminary examination, and the right to procure counsel, and the right to be admitted to bail pending the examination, they were sufficiently instructed as to their rights.

ID.—WAIVER OF RIGHT TO COUNSEL.—When the defendants were informed of their right to procure counsel, if they so desired, they should have asked for time in which to procure the same; and where, instead of doing so, upon their being asked when they would be ready to proceed with the examination, they answered: "We will be ready at any time," they thereby waived their right to procure counsel.

ID.—STATUTORY PROVISION AS TO PROCURING COUNSEL—REQUEST BY DEFENDANT ESSENTIAL.—The statute does not require the magistrate to appoint counsel at a preliminary examination, but merely provides that "upon the request of the defendant" the magistrate must "require a peace officer to take a message to any counsel in the township or city the defendant may name."

ID.—EVIDENCE—CRIMINAL ATTEMPT TO ESCAPE—PREVENTION BY OFFICER.—Evidence was admissible as tending to show a criminal attempt to secure the escape of the defendants and its prevention by an officer, proving that while defendants were in the county jail when the arresting officer opened the door to let an attendant pass in with their meals, one of the defendants with a gun in his hands immediately commanded the officer to throw up his hands, that the officer closed the door as far as possible and seized the gun, and drawing his own pistol sent a shot through defendant's body, which killed the attendant.

ID.—EVIDENCE—COMMISSION OF ANOTHER CRIME—RELEVANCE TO ISSUE.—Though the commission of another crime than the offense charged may not be proved for the sole purpose of showing that the defendant would be more likely to have committed that charged, yet if the evidence of another crime is material and relevant to the issue, the mere fact that it tends to establish guilt of a crime other than the one alleged furnishes no ground for its rejection.

ID.—ATTEMPT TO ESCAPE A PROPER SUBJECT OF PROOF.—An attempt to escape is always a circumstance proper to be shown and considered by the jury.

Id.—Arrest for Felony Without Warrant not Justifying Attempt to Escape.—Defendants charged with a felony may be arrested by a peace officer without a warrant, and the fact that the defendants charged with robbery were arrested by such an officer without a warrant and confined in the jail did not justify their attempt to escape on the morning following their arrest and confinement therein.

Id.—Sufficiency of Evidence of Robbery.—Where two eye-witnesses testified to having seen the defendants in the act of "going through" their victim, and watched them until they came past them into the light, where they were plainly seen, and that upon finding the peace officer they pointed out the defendants who were arrested by him, the evidence is sufficient to sustain the verdict.

Id.—Discrimination in Severity of Sentences.—Where one of the defendants appeared more culpable than the other and yet received no heavier punishment than he deserved, neither of the defendants can complain that the other defendant received a less sentence than he deserved.

Id.—Venue of Offense.—*Held,* that the venue of the offense was sufficiently and distinctly proved.

Id.—Instructions as to Attempt to Escape.—*Held,* that the court fairly, fully, and correctly stated the law as to the effect of an attempt to escape by a prisoner who is arrested for a felony, as a circumstance to be considered by the jury as bearing upon the consciousness of guilt of the offense charged against him.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial. George L. Jones, Judge.

The facts are stated in the opinion of the court.

George B. Finnigan, for Appellants.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

CHIPMAN, P. J.—Defendants were convicted upon an information charging them jointly with the crime of robbery. Defendant Crowley was sentenced to imprisonment at Folsom for the term of twenty years and defendant Wilson was sentenced to imprisonment at San Quentin for the term of fifteen years. Defendants appeal from the judgment and from the order denying their motion for a new trial.

1. The first point made by appellants is that the court
erred in denying defendants' motion to set aside the infor-
mation, for the reason that at the preliminary examination,
they "were not fully informed of their rights by the magis-
trate as to their right to counsel." (Citing Pen. Code, sec.
858.) Conceding that the failure of the magistrate to com-
ply with the provisions of said section is cause for setting
aside the information (*People* v. *Napthaly,* 105 Cal. 643, [39
Pac. 29]), we think the record shows sufficient compliance
therewith. The following proceedings took place before the
magistrate: "The Court. Q. What is your name? A. Dan
Crowley. Q. What is your name? A. Frank Wilson. There
is a complaint filed in this court charging you with a felony.
The district attorney will read the complaint. The com-
plaint was then read by Mr. Rutherford. The court then
said 'You and each of you have a right to a preliminary ex-
amination, and the right to procure counsel and the right to
be admitted to bail, pending the examination. When will you
be ready to proceed with the examination?' To this the de-
fendants replied 'We will be ready at any time.'

"The Court. 'Mr. Rutherford, what time?'

"Mr. Rutherford. 'Two o'clock this afternoon.'

"The Court. 'Very well. In the mean time you will be
held in bonds of $8,000, to appear here at two o'clock this
afternoon for examination. You will be in the custody of
the officer until you give such bail. It is ordered that you
attend at the coroner's inquest as witnesses.' "

Having been thus informed of their rights they should
have asked time in which to obtain counsel, if they so de-
sired. Instead, however, they answered, when asked when
they would be ready to proceed with the examination, "We
will be ready at any time." The statute does not require the
magistrate to appoint counsel on the request of defendant,
at the preliminary examination, as is the case upon his ar-
raignment (Pen. Code, sec. 987); but provides that "upon
the request of the defendant, require a peace officer to take
a message to any counsel in the township or city the de-
fendant may name."

2. Error is assigned in that the court permitted proof to
be made of "the commission by defendants of another crime,
separate and distinct from the one on which they were being

tried and committed after it." While defendants were in jail Constable Schumpf went to the prison with a young man named King, the latter carrying with him the breakfast for the prisoners confined in the jail, there being others besides the defendants. The evidence showed that after the constable had opened the door leading to the prisoners, defendant Wilson stood beside defendant Crowley near the door. Schumpf testified: "I opened the large padlock and opened the swinging door. I unlocked that and pulled it back and opened the door and I stepped inside the door here. It swings to my right and I stepped outside of the door to let the young man pass in with the tray of meals. He no more than got inside than Crowley stepped up to me and he says 'Throw up your hands.' He stepped up to me like this, and he says 'Throw up your hands,' and I made the remark 'Go to hell,' and I tried to throw the bolt against the door and he throwed the gun against me like that. The door was open and I could not close the door; the door was open about two feet and a half, and I hollered for help; I cried for help, and I made a grab for his gun and caught it." It appeared further that Schumpf drew his own gun and shot Crowley, the ball passing through his body and killing King. The facts relating to this encounter and its regrettable result came out in connection with the attempt of defendants to make their escape and for that purpose alone. The evidence was admissible. In *State* v. *Wrand*, 108 Iowa, 73, [78 N W. 789], a somewhat similar case, the court said: "The sheriff detected the defendants, while in jail, attempting to escape by sawing the iron bars of their cell. They insist that evidence of this was inadmissible, because tending to prove a distinct offense. True, the commission of another crime may not be proven for the sole purpose of showing that the defendant would be the more likely to have committed that charged. (*State* v. *Rainsbarger*, 71 Iowa, 746, [31 N. W. 865]. See *State* v. *Brady*, 100 Iowa, 191, [62 Am. St. Rep. 560, 69 N. W. 290].) But, if the evidence is material and relevant to the issue, the mere fact that it tends to establish guilt of a crime other than the one alleged furnishes no ground for its rejection. (*People* v. *Place*, 157 N. Y. 584, [52 N. E. 576].) That an attempt to escape is a circumstance proper to be shown and considered by the jury is put

beyond controversy by the authorities. (*State* v. *James*, 45 Iowa, 412; *State* v. *Arthur*, 23 Iowa, 430; *State* v. *Ruby*, 61 Iowa, 86, [15 N. W. 848]; *State* v. *Stevens*, 67 Iowa, 558, [25 N. W. 777].)''

The fact that defendants were arrested and confined without warrant did not justify their attempt to escape. A warrant of arrest was not necessary, the crime for which they were arrested being a felony. The arrest was made late on Saturday night, July 3d, and the occurrence above mentioned took place the next morning.

3. It is claimed that the evidence was insufficient to justify the verdict. Two witnesses testified to having seen defendants in the act of ''going through'' their victim and watched them until they came past the witnesses where it was light, saw them both plainly and at once looked up Constable Schumpf and with him found the men shortly afterward. The evidence was ample to warrant the verdict.

4. It is urged that ''the sentences imposed were excessive and disproportionately severe in light of the crime committed.'' The crime consisted of waylaying and assaulting a somewhat intoxicated old man and severely injuring him and while prostrated on the ground, robbing him of all the money he had—''three five dollar gold pieces'' and ''a silver cased watch.'' There was evidence tending to show that defendant Crowley was the more culpable and got no more than he deserved and that Wilson got less is not matter of which either can complain.

5. It is claimed that the venue was not proven. In this defendants are mistaken. There was evidence that the crime was committed in the town of Truckee and in the county of Nevada.

6. It is also urged that ''the instructions of the court to the jury were unfair to the defendants; more especially for the reason that the court assumed that the defendants had been legally arrested and charged with crime, and made an attempt to escape.'' The court instructed the jury as to the statute law under which a peace officer may make an arrest, but went no further in its instruction. The court also instructed the jury that an attempt to escape by one under arrest, accused of crime, ''is a circumstance to be weighed by the jury as tending in some degree to prove consciousness of

guilt, and entitled to more or less weight, according to the circumstances of the particular case. In this particular case, whether or not the defendants did attempt to escape from the jail at Truckee after being placed therein by the officers and whether, if any attempt was so made, such attempt tends in any degree to show a consciousness of guilt of the crime alleged in the information are matters for you to decide.'' And the court instructed the jury that the acts surrounding the alleged attempted escape are to be considered by you for one purpose only, namely—whether or not they proceeded from a consciousness of guilt, on the part of defendants or either of them, of the crime alleged in the information.

We discover no error in these instructions.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1910.