[Crim. No. 595. Third Appellate District.—July 17, 1922.]

## THE PEOPLE, Respondent, v. ALVIN M. McCOY, Appellant.

[1] CRIMINAL LAW—RAPE—SUBMISSION UNDER BELIEF OF MARITAL RE-LATIONSHIP—EVIDENCE—TESTIMONY OF PROSECUTRIX.—In a prose-cution for rape, the truth or falsity of the testimony of the pros-ecutrix as to her submission to acts of sexual intercourse under the belief that the defendant was her husband is exclusively for the determination of the jury and the trial court.

[2] ID.—APPEAL—AFFIDAVIT OF PROSECUTRIX—FALSITY OF TESTIMONY. On an appeal from a judgment and order denying a new trial in a prosecution for rape, an affidavit of the prosecutrix that her testimony relative to the pretended marriage was false cannot be considered where such affidavit was not presented in support of any motion addressed to the trial court.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Hatton for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of rape and prosecutes this appeal from the judgment and the order denying a new trial.

The prosecutrix was thirty-seven years old at the time of the alleged offense. She had been married twice; once in Arkansas and once in New Mexico. Both husbands were dead. She was the mother of six children. The eldest, a son of twenty years, was married and lived in his own home. The other children lived with the prosecutrix. She and the defendant first met at Modesto in the latter part of August, 1920. They were both working in a milk condensary at that time. The prosecutrix testified that early in November the defendant proposed marriage and that she accepted; that the defendant said he desired to keep the marriage secret for business reasons and it was, therefore, agreed that the marriage ceremony be performed in Berkeley; that the defendant introduced a man under the name of Williams, whom they authorized in writing to procure a marriage license for them; that on the fifteenth day of November, after nightfall, she and defendant motored from Modesto to a city, which the defendant said was Berkeley, where they met Williams and two other men in an office and there went through the form of a marriage ceremony, after which she and the defendant returned to Modesto the same night; that thereafter she and the defendant maintained the relation of husband and wife under the belief on her part that they were legally married and that the defendant was her husband; and that she was induced to maintain such relation by the artifice of the pretended marriage which she had been induced to enter into by the defendant. A daughter and a daughter-in-law of the prosecutrix testified that the defendant stated to them, during the early part of the year 1921, that he and the prosecutrix had been married and that he had the marriage license and certificate in his possession. The defendant denied all of the foregoing testimony except that as to sexual relations, which he admitted. He testified that the prosecutrix told her children and her daughter-in-law in his presence that he and the prosecutrix were married and that he did not deny it. He testified, and the prosecutrix denied, that such relations commenced the second day after the parties became acquainted and continued up to the middle of November, 1920. Both testified that such relations were maintained for several months after November 15th. Several witnesses testified that the defendant gave the prosecutrix

checks signed by him and made payable to her as "Minnie McCoy." He denied this, but testified that he signed and gave her checks with the name of the payee left blank, knowing that she would insert the name "Minnie McCoy" as payee. In pursuance, apparently, of the plan to keep the marriage secret, the parties did not live together in the same house until February, 1921, but during that time the prosecutrix frequently spent the early part of the night with the defendant in his room, where they continued their sexual relations. In February the defendant went to live with the prosecutrix in her home with her children. He and the prosecutrix there slept in the same bed and her three year old girl slept with them. A few months later, after the prosecutrix had become pregnant, the defendant left her. There is other evidence tending to contradict and impeach the testimony of the prosecutrix, but the credibility and weight thereof was within the exclusive province of the jury and the trial court. Williams and the other men claimed to have been present at the pretended marriage could not be located and the prosecutrix could not locate the office where the ceremony was performed, saying that she did not know that it was in Berkeley but that defendant told her that it was in that city, that she had never been in Berkeley before.

[1] The only point made by appellant, based on the record, is that the evidence is insufficient to sustain the verdict and judgment. "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, . . . where she submits under the belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with intent to induce such belief." (Pen. Code, sec. 261.) It is not contended that the facts related by the prosecutrix, if true, would not warrant defendant's conviction under this section, but that her testimony is absolutely false. Citation of authorities is not necessary to show that the truth or falsity of her testimony was exclusively for the determination of the jury and the trial court.

[2] After judgment and notice of appeal, at the time of settlement of the transcript on appeal, counsel for appellant presented to the court the affidavit of the prosecutrix, in which she stated that all of her testimony relative to

the pretended marriage was false and untrue, and asked that the affidavit be included in the transcript. The affidavit was not presented in support of any motion addressed to the trial court, other than the request to have the same included in the record on appeal. The affidavit is not properly a part of the record on appeal and this court has no jurisdiction to consider it. If the facts therein stated are true, the remedy rests with the pardoning power. (*People v. Mooney*, 176 Cal. 105 [167 Pac. 696].)

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 14, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.