[Crim. No. 946.   Second Appellate District, Division Two.—June 26, 1923.]

## THE PEOPLE, Respondent, v. OTHA F. BRITT, Appellant.

[1] CRIMINAL LAW—RAPE—TIME—EVIDENCE — VARIANCE. — Where an information charges statutory rape on or about the 15th of a given month, and the prosecuting witness is not able to fix the exact date, but her testimony fixing the time with reference to other events places the commission of the act in that month, no fatal variance as to the time alleged and proved is shown.

[2] ID.—EVIDENCE—CORPUS DELICTI.—In this prosecution on a charge of statutory rape, the prosecutrix, who was fourteen years of age at the time of the alleged offense, having testified that the defendant had sexual intercourse with her about the time specified in the information, and a physician, produced on behalf of the people, having testified that he examined the prosecutrix on a specified date, which was about seven months after the offense charged, and found her to be pregnant and that she had been pregnant for about seven months, no more was required to establish the *corpus delicti.*

[3] ID.—TESTIMONY OF PROSECUTRIX—CONVICTION.—In such prosecution, the testimony of the prosecutrix was not improbable, and upon her statements alone the jury was authorized to convict. The truth or falsity of her testimony was exclusively for the determination of the jury and the trial court.

[4] ID.—EVIDENCE—ADMISSIONS.—In such prosecution, the defense having been an alibi and that the charge was a result of a conspiracy between defendant's wife and daughter, the latter being the complaining witness, and the defendant having denied that he ever had illicit relations with his daughter but the investigating officers having testified that after his arrest the defendant admitted partial penetration, this was sufficient to warrant the jury in concluding that the crime had been completed.

[5] ID.—MISTAKE AS TO DATE—WEIGHT OF TESTIMONY—PROVINCE OF JURY.—The prosecutrix having testified that the offense was committed on a Saturday morning in the early part of a given month and the testimony having shown that the defendant was not at home on Saturdays during that month, but the testimony having also shown that he was at home on Sunday mornings during that month, under such circumstances it could not be said that the

2.   Character and sufficiency of proof of *corpus delicti* in rape cases, notes, 68 L. R. A. 69; L. R. A. 1916B, 748.

testimony of the prosecutrix as to the particular act charged was not convincing, but the effect of such evidence was for the determination of the jury.

[6] ID.—EXCLUSION OF ANSWER—ERROR CURED BY SUBSEQUENT QUESTION.—The error, if any, resulting from the ruling of the trial court sustaining an objection to a question as to whether the prosecutrix had ever had intimate relations with anyone else was cured when, later on, she was permitted to answer a similar question and she admitted such relationship with a fifteen year old boy.

[7] ID.—EXCLUSION OF TIME-BOOK—ADMISSION OF TESTIMONY OF CONTENTS.—The exclusion from evidence of the time-book of the conductor on the railroad where defendant was employed at the time of the commission of the alleged offense, on the ground that the proper foundation had not been laid, whereas the foundation for the introduction of such book was sufficient, did not constitute prejudicial error, where the witness producing such book was permitted to testify fully as to the contents of the record pertaining to the time the defendant was on duty.

[8] ID.—TIME OFFENSE COMMITTED—INSTRUCTIONS.—In a prosecution on a charge of statutory rape, an instruction "that it is wholly immaterial on what day or night the offense charged in the information was committed, providing you believe from the evidence it was committed and that the same was committed within three years prior to the filing of the information in this case," while erroneous where a particular act is alleged and other acts of a similar nature between the same parties are proved for the purpose of showing a lascivious tendency, is not erroneous where no offenses are proved other than those specifically alleged.

[9] ID.—EXCUSING OF WOMEN FROM JURY PANEL—TRIAL BY IMPARTIAL JURY—ABSENCE OF PREJUDICE.—On appeal, the defendant cannot predicate prejudicial error on an order of the trial court, made in the forenoon of the day on which the trial was commenced, but out of the presence of defendant and without his consent, excusing the women on the jury panel until the following morning and directing the men to return that afternoon, where no objection was made by counsel for defendant in the trial court to such method of procedure and there is no suggestion that the jurors who did serve were not competent, fair, and qualified to act.

[10] ID.—MISCONDUCT OF DISTRICT ATTORNEY—REMARKS AS TO TRIAL BY MALE JURY—INSTRUCTIONS.—The defendant could not have been prejudiced by the statements of the district attorney, in his opening argument to the jury, to the effect that because of the character of the case a male jury had been agreed upon, where defendant's counsel did not deny that such an arrangement had been agreed upon before the trial commenced, and the jury were

instructed that "if counsel upon either side have made any state-
ments in your presence concerning the facts in the case you
must be careful not to regard such statements as evidence, but
must look entirely to the proof in ascertaining what the facts are."

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

William M. Morse, Jr., for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman,
Deputy Attorney-General, for Respondent.

SHENK, J., *pro tem.*—The defendant was accused by
information in four counts, the first and third counts
charging statutory rape on or about the fifteenth day of
June, 1921, and on or about the fifteenth day of Septem-
ber, 1920, respectively, and the second and fourth counts
charging incest at the same times at which the alleged rape
was committed. A verdict of guilty as to each count was
returned by the jury. A motion for a new trial as to counts
two and four was granted. A similar motion as to counts
one and three was denied and sentence thereon was pro-
nounced. Defendant appeals from the judgment and from
the order denying his motion for a new trial.

The contentions of the appellant are: (1) That the *corpus
delicti* was not established; (2) that the evidence was in-
sufficient to warrant or sustain a conviction; (3) that the
trial court made prejudicially erroneous rulings during the
course of the trial; (4) that instructions were improperly
given or refused, and (5) that he was not given a fair trial
because of certain matters occurring at the trial and which
will hereinafter be more particularly noted.

[1] The prosecuting witness, Beulah Britt, died before
the trial and her testimony given at the preliminary ex-
amination was offered and received in evidence under
section 686 of the Penal Code. She testified that she was
the daughter of the defendant; that she was fourteen years
of age at the time of the alleged offenses. As to the first
count she testified that the defendant had sexual intercourse

with her "either the first or middle part of June," 1921, about two weeks before school closed, which was about June 20th, and when she and her mother and the defendant lived on Alessandro Street, in the city of Los Angeles. As to the third count she testified that the defendant also had sexual intercourse with her in the same city when their home was on Maple Avenue; that they moved to Maple Avenue "in July about a year and a half ago." The date of her examination at the preliminary hearing was January 5, 1922. She testified that this occurred when her mother was at the Los Feliz hospital; that her mother returned from the hospital in November, and that she had been at the hospital five weeks. The time thus fixed would place the commission of this act in September, 1920. No fatal variance as to the time alleged and proved is shown (*People* v. *Williams,* 133 Cal. 165 [65 Pac. 323]). By the testimony of a physician produced on behalf of the people it appeared that the prosecuting witness had been examined on December 28, 1921, and found to be pregnant and that she had been pregnant for about seven months. There was no dispute as to the age of the prosecutrix. [2] The jurisdictional facts were established and the testimony of the complaining witness constituted the necessary proof of criminal agency. No more was required to establish the *corpus delicti* (*People* v. *Flores,* 34 Cal. App. 393 [167 Pac. 413]; *People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890]). In addition, proof of pregnancy for seven months by examination made about seven months after the offense charged in count one tends further to prove criminal agency (*People* v. *Tarbox,* 115 Cal. 57 [46 Pac. 896]).

[3] There is no force in the suggestion that the evidence was insufficient to sustain a conviction. The testimony of the prosecutrix was not improbable and upon her statements alone the jury was authorized to convict. "The truth or falsity of testimony of the prosecutrix was exclusively for the determination of the jury and the trial court." (*People* v. *McCoy,* 58 Cal. App. 534 [208 Pac. 1016]; *People* v. *Benc,* 130 Cal. 159 [62 Pac. 404]; *People* v. *Akey,* 163 Cal. 54 [124 Pac. 718]; *People* v. *Crawford,* 24 Cal. App. 396 [141 Pac. 824].)

Appellant urges that from the evidence taken as a whole a miscarriage of justice has taken place and that this court

should so declare as a matter of law. This contention has resulted in an examination of the entire record. [4] The defense was an alibi and that the charge was a result of a conspiracy between the wife and the daughter to lay the blame for the latter's condition upon the father in order to persuade or coerce him not to leave home and abandon his family as he had threatened to do when he learned of the daughter's condition after the examination by the physician. The defendant denied that he had ever had illicit relations with his daughter but the investigating officers testified that after his arrest he admitted partial penetration. This was sufficient to warrant the jury in concluding that the crime had been completed (sec. 263, Pen. Code).

[5] The prosecutrix testified that the offense alleged in count one was committed about 7:30 or 8 o'clock on a Saturday morning in the early part of June. Defendant was a brakeman on the Southern Pacific. He produced a railroad clerk who had charge of the records of the company and who testified from the time-book that the defendant during the month of June was working on the Fillmore-Oxnard local in Ventura County on every Saturday in that month. The defendant testified to the same effect and further stated that when he had finished his Saturday run he would take the train for Los Angeles, arriving at home on Sunday morning, where he would remain until Monday morning. Mrs. Edna Britt also testified that her husband was not at home on Saturdays in the month of June, that he came home on Sunday morning and left between 5 and 6 o'clock on Monday mornings and remained away the rest of the week. The foregoing constitutes the evidence on the alibi. Assuming that it was conclusively shown that the defendant was not at home on any Saturday morning in June, it did appear without question that he was at home every Sunday. Under these circumstances it cannot be said that the testimony of the prosecutrix as to the particular act charged was not convincing because she had been mistaken as to the day of the week. Defendant was at home on Sunday of every week. The effect of this evidence was for the determination of the jury. The defense of an alibi was not interposed as to the charge alleged in count three of the information.

As to the defense of conspiracy Mrs. Britt testified on behalf of the defendant that after she and her daughter had gone to a doctor's office and had been informed that the girl was pregnant she told the defendant about it; that he was very angry and threatened to leave them; that the girl then said, ''Well, why not blame it on to my father and he won't leave then at all''; that the daughter had resisted the suggestion of her father that she be placed in a home and said that ''she was going to blame it on her father if she was sent out there''; that there was an agreement between herself and Beulah that the defendant would be accused; that the girl had told her that a fifteen year old boy was responsible for her condition, but notwithstanding this information that she did not advise her daughter not to tell the story about her father. The prosecutrix denied that she had any such agreement with her mother. She testified that she had never discussed such a question with her mother; that she told her mother that her father was the cause of her condition and that she had told everybody else he was ''because he has done it.'' On cross-examination she testified that after she had been to the doctor's office she had talked with her mother many times in the presence of her father about her condition. On this point the testimony was as follows: ''Q. Did you and your mother ever discuss this afterward? A. Discuss it? Well, she talked to me lots of times. Q. Talk about it at all? A. Yes, she talked about it. Q. Ever say anything to your father in your presence about it? A. She used to fuss at him but that was all, in my presence. Q. What did she say when she was fussing at him? A. She fussed at him for being the cause of my condition. Q. What did he say at that? A. Lots of times he said it never would have happened if she had not been out there at the Los Feliz hospital. Q. Didn't you tell your mother that your father had never had anything to do with you? A. No, sir.'' The foregoing statement attributed to the father was not denied by him. The jury undoubtedly questioned the credibility of the mother's statements as to the alleged conspiracy. An inspection of the record compels the conclusion that the jury was justified in returning the verdict.

Numerous rulings of the court during the course of the trial are assigned as error. Most of them are accompanied

by neither argument nor citation of authority. The first contention is that the court erred in permitting leading questions to be propounded to the prosecutrix. As above stated her testimony was contained in the transcript of the proceedings had before the magistrate at the preliminary examination. The magistrate permitted her to answer leading questions. The witness was rigidly cross-examined by defendant's counsel before the magistrate. She was dead at the time of the trial and the questions could not be reframed in the superior court. No abuse of discretion of the trial court under the circumstances has been shown.

[6] Exception is taken to the ruling of the court sustaining an objection to a question as to whether the prosecutrix had ever had intimate relations with anyone else. Later on, however, she was permitted to answer a similar question and admitted such relationship with a fifteen year old boy. If there was any error it was cured by the subsequent questions and answers.

[7] The defendant offered in evidence the time-book of the conductor on the Fillmore-Oxnard run of the railroad where defendant was employed in June, 1921. Objection that a proper foundation had not been laid in that the handwriting of the conductor had not been identified was sustained and this ruling is assigned as error. The clerk in the office of the railroad company who had custody of such records testified that the book was a permanent record of the company taken in the ordinary course of business. The foundation for the introduction of the book in evidence was sufficient but the error in excluding it was not prejudicial, for the reason that the witness producing the same was permitted to testify fully as to the contents of the record pertaining to the time that the defendant was on duty in Ventura County. This was the only purpose of the offer.

A letter passing between mother and daughter was offered in evidence by the defendant and a general objection to its introduction was sustained. The document was inspected by the court and marked for identification, but no record of its contents is found, hence it is impossible to pass upon its admissibility.

[8] Exception is taken to seven different instructions given by the court. The principal contention is with reference to the following: "The court instructs the jury that it

is wholly immaterial on what day or night the offense charged in the information was committed, providing you believe from the evidence it was committed and that the same was committed within three years prior to the filing of the information in this case.'' When a particular act is alleged and other acts of a similar nature between the same parties are proved for the purpose of showing a lascivious tendency this instruction has been held to be prejudicially erroneous. (*People* v. *Elgar,* 36 Cal. App. 114 [171 Pac. 697]; *People* v. *Williams,* 133 Cal. 165 [65 Pac. 323].) The theory upon which this instruction was denounced in those cases is stated therein as follows: ''A verdict of guilty could have been rendered under such an instruction, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge as to any one of these separate offenses. Even worse than that was possible. As to every specific offense which there was an attempt to prove and which could be met by proof, the defendant may have established his defense, and yet upon the evidence of continuous crime which in the nature of things he could only meet by his personal denial he may have been convicted.'' In each of those cases there was proof of acts not charged for the purpose of showing an immoral tendency. Obviously this rule can have no application in a case where no offenses are proved other than those alleged. It therefore becomes necessary to determine whether any offense or offenses were proved other than those charged in counts one and three of the information. Appellant contends that the first intimation of any offense in the record is the testimony of the prosecutrix wherein she stated: ''Well, over on Maple Avenue I slept with him,'' and that no date was fixed for this occurrence. In this counsel is mistaken as to the failure to fix the time, for by computation the date of this offense is readily fixed as having taken place in September, 1920, and is the offense charged in count three. The method of arriving at this date is set forth above in the consideration of the contention that the *corpus delicti* had not been established and need not be repeated.

The fact that the prosecutrix testified that at the Maple Avenue house at the time alleged in the third count her father committed the act ''about three times'' does not com-

pel an election. She made no attempt to identify either of the three separate acts, but bulked them in the one comprehensive statement that her father at that house committed the act about three times. Under such conditions it is not possible that two or more or any number of jurors less than the twelve could have believed the testimony as to one of these three acts at the Maple Avenue house and disbelieved it as to the others. On the contrary, her broad general statement left but two alternatives for the jury, i. e., to accept her statement in its entirety or to reject it in its entirety. Having found the defendant guilty upon that count which, as the circumstances of the case show, does in effect charge an offense committed while the defendant resided with his daughter at the Maple Avenue house, we must conclude that the jury as a whole accepted as true the testimony of the prosecutrix that at that house the father committed the act about three times. That being the situation appellant could not possibly have suffered prejudicial error because no election was made as between these three acts. The cases of *People* v. *Elgar* and *People* v. *Williams, supra,* are, therefore, not controlling.

It is further contended that a separate offense was intimated by a question propounded by the district attorney to the prosecuting witness as follows: ''You say that the first time this occurred was in Kansas City, Missouri?'' and that the jury might draw the inference therefrom that an offense not alleged had taken place in Kansas City. An inspection of the record discloses that defendant's counsel objected to this particular question and that the objection was sustained. Furthermore, the court instructed the jury that ''if any counsel had intimated by questions which the court has not permitted to be answered, that certain things are or are not true you must disregard such questions and refrain from any inferences based upon them.'' The defendant was therefore not called upon to meet any charges except those alleged and proved.

The other instructions criticised by appellant, both given and refused, are accompanied by neither citation of authority nor argument requiring consideration. Under these circumstances they need not be further commented upon. (*Moore* v. *San Vicente Lumber Co.,* 175 Cal. 212 [165 Pac.

687], and cases there cited; *People* v. *Zarate,* 54 Cal. App. 372 [201 Pac. 955].)

The appellant assigned as error certain statements of and questions propounded by the court and the district attorney during the course of the examination of witnesses. Each assignment has been considered in so far as the action of the court is concerned and as to the district attorney it is assumed that counsel intended to charge him with misconduct and not with error, but no assignment of error or misconduct as to these matters was made by counsel during the course of the examination of the witnesses, consequently no extended consideration of points now raised is required. Each contention in this regard, however, has been examined and is found to be untenable.

[9] This case was on the calendar in the trial court in the forenoon of the day on which the trial was commenced. The court excused the women on the jury panel until the following morning, and directed the men to return at 2 o'clock. He stated in effect that the case would not be reached before 2 o'clock and excused the witnesses until that hour. The order excusing the women on the panel until a later time is now assigned as error as having been made out of the presence of the defendant and without his consent. No objection was made by counsel in the trial court to this method of procedure and there is no suggestion that the jurors who did serve were not competent, fair, and qualified to act. The defendant was not prejudiced by the order so long as an impartial jury was obtained. (*People* v. *Harris,* 45 Cal. App. 547 [188 Pac. 65]; *People* v. *Lee,* 17 Cal. 76; see, also, note, *People* v. *Barker,* 1 Am. St. Rep. 519.)

[10] Misconduct is charged against the district attorney for using the following language in his opening argument to the jury: "Now, no doubt you have all surmised that we have mutually agreed upon a male jury because of the peculiar character of the case. I am constrained to say Mr. Morse thought, as well as I did—" Here the district attorney was interrupted by defendant's counsel with his assignment and then proceeded: "I was about to say Mr. Morse himself was very courteous about the matter and realized we would have to call a spade a spade, and that certain language which would develop in the testimony would be very difficult for either of us, hard boiled though

we may be—'' This was also assigned as misconduct. Defendant's counsel did not deny that such an arrangement had been agreed upon before the trial commenced, and even if an agreement to that effect had been made in the presence of the jurors it is difficult to see how they would thereby be prejudicially affected against the defendant. The court instructed the jury that "if counsel upon either side have made any statements in your presence concerning the facts in the case you must be careful· not to regard such statements as evidence, but must look entirely to the proof in ascertaining what the facts are." The remarks of the district attorney in view of this instruction could work no possible .prejudice to the defendant's rights. The character of some of the testimony was such as to prompt a desire on the part of counsel for both sides to avoid trying the case before a mixed jury.

The judgment and order are affirmed.

Finlayson, P. J., and Craig, J., concurred.