[Civ. No. 18772.   Second Dist., Div. One.   Apr. 14, 1952.]

NICHOLAS DRAGOVICH, Respondent, v. A. E. SLOSSON et al., Appellants.

Tipton, Weingang & Tipton for Appellants.

Stephen Monteleone for Respondent.

DORAN, J.—The plaintiff, respondent herein, recovered a judgment of $10,000, entered upon a verdict of a jury, for personal injuries received on December 19, 1949; alleged to have been caused by the negligent operation of a gravel truck driven by the defendant Dana Sible and owned by the defendant Slosson, and resulting from a collision between the truck and plaintiff's automobile.   There was a cross-complaint for damages to the Slosson truck.

There are but two assignments of error, the first of which is that "The court committed reversible error in excusing from the jury two of the jurors after the jury had been accepted by both parties."   From interrogation by the trial

court it appeared that two jurors had previously served on a jury panel and had waited to be called as jurors in a case in which Mr. Tipton, attorney herein, appeared, but had not served in that case. At the beginning of the present case when the judge questioned the jurors as to knowing either of the attorneys, the two jurors had answered in the negative, not then recognizing Attorney Tipton. Later, upon the question being repeated, and after the jury had been approved by both parties, the two jurors informed the trial court of that fact, and were excused. Thereafter, "because of the unfortunate situation," it was stipulated that each party might have one additional peremptory challenge.

It is conceded in appellants' brief that "In the exercise of a proper discretion a juror may be excused after the jury has been accepted or after the trial has commenced," but it is claimed that to do so in the present case amounts to an abuse of discretion in that "after a jury is accepted by both parties, the trial judge could act only for a good and valid reason to excuse jurors, and that the mere fact that they on one occasion saw the attorney for one of the parties in the court room is not such good and sufficient reason."

In 15 California Jurisprudence, page 408, section 80, the rule is stated thus: "Since a defendant or a party is not entitled to a jury composed of any particuar jurors, the court may of its own motion discharge a qualified juror without committing any error, provided there is finally selected a jury composed of qualified and competent persons." In *People* v. *Murray*, 85 Cal. 350 [24 P. 666], quoted with approval in *People* v. *Harris*, 45 Cal.App. 547 [188 P. 65], the reviewing court said: "The court had the undoubted right to discharge them, or any of them, at any time, without giving any reason for such discharge and without the existence of any reason."

In the instant case, the record indicates that the trial court was not disposed to take any chances in the matter of securing an impartial jury, and in its discretion, saw fit to excuse the two jurors in question. In this no abuse of discretion is apparent, nor does it appear that the jury which tried the case and rendered the judgment complained of, was other than competent and qualified.

Appellant also complains that "The prejudicial misconduct of the attorney for the plaintiff in asking the following question 'After you finished telling Officer Noah how the accident happened on that particular day, he gave you a citation, didn't he?' entitled the defendants to a reversal."

In this connection is cited section 755 of the Vehicle Code, which provides that "No record of the conviction of any person for any violation of this code, nor any testimony of, or concerning, or produced at the trial, terminating in such conviction, shall be admissible as evidence in any court in any civil action." In the instant case there was no conviction and the citation was dismissed. The trial court sustained the objection, the question was not answered; the judge explained at some length the law in reference thereto and instructed the jury "to entirely disregard it in reaching your verdict in this case."

It is appellants' contention that the alleged misconduct cannot be deemed harmless for the reason that "the evidence is more than equally balanced. The scales tip markedly in favor of the defendant truck driver." Respondent's brief, on the other hand, denies that any prejudice resulted; and maintains that the question was asked in good faith on cross-examination relating to alleged contradictory statements made by the defendant in regard to whether a U-turn or a left turn was being made when appellants' truck pulled back on to the highway from the shoulder. Officer Noah testified to the driver's statement that "he was eastbound, had pulled onto the shoulder and then came back on the highway intending to make a U-turn"; defendant testified, "I said I was making a left turn," etc. The objectionable question as to whether the officer gave defendant a citation was then asked but because of the objection, was not answered.

The respondent also calls attention to the fact that there was no persistent or intentional misconduct, and that the only other reference to a citation was when the appellant's counsel gave the matter more prominence by insisting the trial court explain to the jury that "although a citation was issued, the case was dismissed and the defendant did not plead guilty." The trial court denied a motion for a new trial sought on the ground of the alleged misconduct.

The appellants' arguments in favor of reversal are not persuasive. The trial judge who heard the evidence, observed the witnesses, and refused to grant a new trial on the ground of the alleged misconduct, was evidently convinced that there was substantial evidence in support of the verdict and that no prejudice had actuated the jury in its action. There is, indeed, nothing in the record to indicate anything of a prejudicial nature, and it is fundamental that error and prejudice will not be presumed. Neither the trial court's action in

excusing the two jurors, nor the alleged prejudicial conduct of respondent's attorney, can be deemed reversible error under the facts and evidence presented by the record herein.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.